DUDLEY W. HAVENS vs. FRANCIS A. E. MASON, EXECUTOR.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A testatrix executed a will upon the assurance of her attorney who
drafted it that certain expressions therein conformed to her instruc-
tions. *Held* that the fact that one unacquainted with the provisions
of the law to which these expressions referred might not under-
stand their legal effect, did not tend to show unsoundness of mind
upon the part of the testatrix.

The test of testamentary capacity is not necessarily actual and precise
knowledge of what property and relatives one has. Such capac-
ity may exist in persons who do not know precisely what prop-
erty they own, or even the nature and present condition of every
considerable item of it, or who may not be aware of the death of
some one or more of their next of kin, or whether those dying left
surviving issue. The real test is this : were the mind and mem-
ory of the testator sufficiently sound to enable him to know and
understand the business in which he was engaged ?

Argued October 26th—decided December 15th, 1905.

APPEAL from a decree of the Court of Probate for the
district of Bridgeport approving and admitting to probate a
certain writing as the last will of Sarah B. Stevens, deceased,
taken, by an heir at law, to the Superior Court in Fairfield
County and tried to the jury before *Reed, J.;* verdict and
judgment for the contestant, and appeal by the executor.
*Error and new trial ordered.*

*Henry E. Shannon* and *Carl Foster*, with whom was
*Arthur J. Hull*, for the appellant (defendant).

*John C. Chamberlain* and *J. Gilbert Calhoun*, for the ap-
pellee (plaintiff).

BALDWIN, J. The paper propounded as the will of
Sarah B. Stevens contained certain specific and pecuniary
bequests to a niece, Elizabeth Wells, a nephew, George
Wells, and others ; gave to Francis A. E. Mason, another
nephew, who was also appointed as the executor, $4,000 "in

consideration and appreciation of his services in caring without remuneration for my property in Hartford, and because of his many kindnesses to me;" and had the following residuary clause: "7th. I direct that all the rest and residue of my estate, real and personal, or both, that shall remain after the foregoing bequests shall have been satisfied, be divided among my heirs according to their respective shares under the laws of this State: the aforesaid Elizabeth Wells, George Wells, and Francis A. E. Mason each to receive whatever may be her or his lawful share in the said residue under this clause in addition to the bequests already hereinbefore made them."

On the trial a lawyer who wrote the will testified that the testatrix told him that she wished her residuary estate to be divided equally among all her heirs; that he read the will aloud to her after it was drawn; and that she said it was as she desired. On cross-examination he stated that her instructions for drafting the residuary clause were that each heir should take what the statute would give him in the absence of a will; that he was not informed whether her heirs apparent were all related to her in the same degree; and that he did not explain to her what the effect of the statute would be in case some should take by representation.

Following in substance a request of the heir who appealed from the probate decree, the trial court instructed the jury that if they should find that the terms of the will were so indefinite and uncertain that an ordinary person would not know what they meant upon having them read to him, the fact that Mrs. Stevens executed it was evidence that she was not of sound mind at the time.

The will before the jury contained nothing that was indefinite or uncertain. Whether, if it had, such an instruction could, under any circumstances, have been proper, it is unnecessary to inquire. It could only serve to mislead and confuse in the case on trial. To execute, in reliance on the assurance of counsel that it conforms to the instructions given, a will containing expressions the effect of which can only be understood by those acquainted with the provisions

of a law to which they refer, does not tend to show unsoundness of mind.

The error in these instructions requires a new trial; but none of the other reasons of appeal are sufficient to call for one. There was, however, one error, not assigned, which in view of the probable submission of the cause to another jury it is proper to notice.

The following instructions were given to the jury : "If you find by a fair preponderance of the evidence that at the time Sarah B. Stevens executed the paper before you she was possessed of sufficient intelligence and memory to freely and rationally know and comprehend the effect of what she was doing, and of the nature of the business she was engaged in, and the nature and condition of her property, and to appreciate who were or should be the natural objects of her bounty and her relations to them, the manner in which she wished to distribute it among or withhold it from them, and the scope and bearing of the provisions of the will she was making, then I charge you that the testatrix had in the eye of the law sufficient intelligence and memory to make a will. But if you find that she was not possessed of sufficient intelligence and memory to freely and rationally know and comprehend these things, then she had not in law sufficient intelligence and memory to make a will. . . . It is for the jury . . . . to say whether or not at the time of the execution of this will, Mrs. Stevens knew that she was making a will, knew what property she possessed and knew the natural objects of her bounty, and if you find that these essentials she knew and understood at the time of the execution of this will, then the will should be sustained. . . . In order to have sufficient capacity to make a will, the testatrix must have had at the time sufficient mind and memory to comprehend the nature and conditions of her property, the persons who were or should be the natural objects of her bounty and her relation to them, the manner in which she wished to distribute it among or withhold it from them, and the scope and bearing of the provisions of the will she was making. . . . A testatrix

may not have sufficient strength of mind and vigor of intellect to make and digest all parts of a contract and yet be competent to direct the distribution of her property by will. The question is, were her mind and memory sufficiently sound to enable her to know and understand the business in which she was engaged? . . . If the jury shall find by a fair preponderance of the evidence that at the time she made this will Mrs. Stevens had become so enfeebled in mind and memory that she could not remember the natural objects of her bounty and had actually forgotten who they were, they should find for the appellant, and find that this was not the last will and testament of the deceased."

The first of these sentences states a sound legal proposition. But while one possessing the intelligence and memory which it describes has, as matter of law, sufficient testamentary capacity, it does not follow that one without actual knowledge of all the various matters specified may not have it also. Persons of large means rarely know precisely what property they own, or even the nature and present condition of every considerable item of it. If by the class described as those who were or should be the natural objects of Mrs. Stevens' bounty was meant her heirs at law, as seems probable by the reference to their relations to her, a test of capacity was imposed which was too severe. She had fourteen nephews and nieces living, who were her next of kin. She might have had sufficient testamentary capacity, without knowing whether all were alive, or whether any others, who might have died previously had left issue that then represented them.

The vital and really the only question as to the capacity of Mrs. Stevens was correctly stated to be this : Were her mind and memory sufficiently sound to enable her to know and understand the business in which she was engaged? *Sturdevant's Appeal*, 71 Conn. 392, 401 ; *Nichols v. Wentz*, 78 id. 429.

There is error and a new trial is ordered.

In this opinion the other judges concurred.